Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

_____ Division

Case No. ___22-23543___
(to be filled in by the Clerk's Office)

Malvin Garnett (Pro se)  Minor N.C.G

_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

Judge ~~Carlos~~ George Surday, Priscille Duvalsaint
Yasmin Morshedian, BM Carlos Fernandez
Leslie Puzo (FL Bar Number: 2020-70,599) and
Diksha Mehan Sharma (FL Bar Number: 2021-
Marie Liautaud    50,046)
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Jury Trial: (check one)  ☒ Yes  ☐ No

FILED BY_____D.C.

NOV 0 2 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Amended

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Malvin Garnett, |
| Address | 437 SW 3rd St #4 |
| | Miami      Florida      33130 |
| | *City*      *State*      *Zip Code* |
| County | Miami Dade |
| Telephone Number | 786-368-8079 |
| E-Mail Address | bkbridge718@aol.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Leslie Puzo (Bar Number: 2020-70,599) |
| Job or Title *(if known)* | Attorney with the Florida Bar Association |
| Address | Puzo1175 NE 125TH ST #618 |
| | North Miami      Florida |
| | *City*      *State*      *Zip Code* |
| County | Miami, |
| Telephone Number | 305-428-2220. |
| E-Mail Address *(if known)* | leslie@puzolaw.com |

☒ Individual capacity      ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Diksha Mehan Sharma (Bar Number;2021-50,046) |
| Job or Title *(if known)* | Attorney with the Florida Bar Association |
| Address | 500 E Broward Blvd Ste 1710 |
| | Fort Lauderdale,      Florida      33394 |
| | *City*      *State*      *Zip Code* |
| County | Broward |
| Telephone Number | 954-514-9954 |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Yasmin Morshedian |
| Job or Title *(if known)* | Court Reporter |
| Street Address | 1 E Broward Blvd SUITE 700, |
| City and County | Fort Lauderdale |
| State and Zip Code | FL 33301 |
| Telephone Number | (954) 334-1092 |
| E-mail Address *(if known)* | info@ymlegalservices.com |

Defendant No. 2

| | |
|---|---|
| Name | Marie Liautaud |
| Job or Title *(if known)* | |
| Street Address | 2321 Laguna Circle #709 |
| City and County | Miami |
| State and Zip Code | FL 33181 |
| Telephone Number | 516-610-4416 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Judge George Sardy |
| Job or Title *(if known)* | Judge |
| Street Address | 175 NW 1st Ave #1925, Miami, FL 33128 |
| City and County | Miami Dade |
| State and Zip Code | FL 33128 |
| Telephone Number | (305) 349-5680 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

| E-Mail Address *(if known)* | diksha@dmsharmalaw.co |
|---|---|

☒ Individual capacity    ☒ Official capacity

**Defendant No. 3**

| Name | General Magistrate Carlos Fernandez |
|---|---|
| Job or Title *(if known)* | General Magistrate |
| Address | 175 NW 1st Ave #1726, |

| Miami, | FL | 33128 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| County | Miami Dade |
|---|---|
| Telephone Number | (305) 349-5557 |
| E-Mail Address *(if known)* | DSomoano@jud11.flcourts.org |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| Name | Priscille Duvalsaint |
|---|---|
| Job or Title *(if known)* | Licensed Mental Health Counselor |
| Address | 2321 Laguna Circle #709 |

| Miami | FL | 33181 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| County | Miami Dade |
|---|---|
| Telephone Number | 516-298-6060 |
| E-Mail Address *(if known)* | priscillenoelli@gmail.com |

☒ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Second Amendment, U.S. Constitution
Fifth Amendment, U.S. Constitution
Eleventh Amendment, U.S. Constitution
Sixth Amendment, U.S. Constitution
Fourteenth Amendment, U.S. Constitution
STATUTORY PROVISIONS
18 U.S. Code § 241, Conspiracy against rights
18 U.S. Code § 242, Deprivation of rights under color of law
18 U.S. Code § 286, Conspiracy to defraud the U.S. Government.
923.18 USC  §  Conspiracy to defraud the United States
18 U.S. ode § 287, False, fictitious or fraudulent claims
18 U.S. Code § 371, Conspiracy to defraud the United States
18 U.S. Code § 1031, Major fraud against the United States
Fed.R.Civ.P.60 Fraud on the court.
28 U.S. Code § 455, Disqualification of justice, judge or magistrate judge 31 U.S. Code §
3729(a)(1)(A)(B)(E), False claims.
42 U.S.C. § 1983 Malicious prosecution.
22 U.S. Code  § 7102 Abuse of process
Florida Statue 787.03 Kidnapping and interference with custody.
Florida Statue 787.02 False imprisonment
26 U.S. Code  § 7434 Civil damages for fraudulent filing of information returns.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you
     are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal
     officials?


D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any
     statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
     42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
     of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
     federal law.  Attach additional pages if needed.

     The defendants violated critical court procedures and Florida Bar regulations. Namely, they have:
     a. Abused HIPPA rules in shairing private medical records to make arguments during Florida Bar
     hearings.
     b. Continued racism by the defendants and the court officials in my ongoing case.
     c. Leslie Puzo committed perjury by lying to the court that she had subpoenaed Airline records, which
     she did not.
     d. The defendants continue to with-hold critical evidence that they should share with the plaintiff. This
     violation continues to take place despite being a basic court procedure
     e. Continued suppression of evidence

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

Miami Dade the mother took the minor child, concealed the minor child and went to Weston.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

July 2, 2019 - June 7, 2021 kidnapping
November 13, 2021 Mother filed a false DV Injunction
June 7, 2021 got set dates and times time sharing started.
Divorce September 21, 2021
Final Judgement March 16, 2022
Appeal filed by defendants. April 18, 2022
Appeal is still ongoing the defendnat filed the brief September 2022

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Witnesses, My sister, the marriage counselor, Therapist, police officers that testified during the DV. My daughter was kinapped July 2, 2019 I requested a court date for temporary time sharing and 6 days before the hearing Leslie Puzo put psychological evaluation. We went to the hearing and they defendants were stating it was their court hearing. Judge George Sarduy stated the defendants did not show that I was a harm to minor child but he gave me supervised visitaiton because I am a diabetic. Leslie Puzo changed the court order and gave it to Judge George Sarduy ex parte. Judge George Sarduy signed it the next day. The plaintiff then got an attorney to try and fix it but George Sarduy was discriminating and bias refusing to read the transcript. He would say something happened and when asked the transcript will show he did not know. I was ordered to see daughter 3 times a week. Leslie Puzo put no more then 3 hours which the Judge never said but he signed it. She put the court finds that I am a danger to the minor child court said the opposite. This costs me a lot of money and time to fix. Diksha Sharma she gave partial documents, during the court hearing I was given no exhibits before hand there was 31 pages from my employer that they illegally obtained. I objected to the subpeoana timely. They gave 7 pages out of 31 pages, I told the Judge documents were missing he allowed it to be submitted they made it look like I was fired for being violent. My due process of law was broken everytime I set a court hearing Judge George Sarduy allowed the defendants to take it over and he would only address what they filed, and they would file it days before when my hearing was set months before. A false DV injunction was filed and I never seen the defendant body cameras and police reports will show I went over the defendants house called the police and did a wellness check. Priscille Duvalsaint stated I sexually assaulted her and tried to break in. I was unable to work because I had to self report for the BCBA. I was not able to see my daughter from July 2, 2019 to June 7, 2021 because they would not follow the court order. Visitation was never offered the 3 times that was court ordered and Judge George Sarduy refused to put set dates and times. After Leslie Puzo changed the court order then Judge George Sarduy stated it wasn't diabetes keeping me away from my daughter it was my behavior but the transcript says differently. The plaintiff has filed two appeals to stay out of state court and federal court they were denied. The defendnat has filed an appeal that is ongoing currently but issues are not addressed in family court. My constiution rights were violated heavenly.

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The plaintiff has went to a therapist to be able to cope with the loss of the minor child for two years and the way that the Judges and attorney has treated the plaintiffs.

The plaintiff continues to be denied justice because of his ethnicity, gender, and race. Furthermore, despite presenting evidence to the Florida Bar against the two defendants, no action has been taken agaisnt their actions. Consequnetially, the plaintiff has incurrred the following injuries:

a. Racial discrimination in accessing justice against the two attorneys

b. Financial resources have been spent in seeking legal action against these attorneys

c. The plaintiff continues to be denied justice

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Immediate investigation and expulsion of the rogue attorneys for breaking Florida Bars rules
Finacial compensation on all costs incurred in bringing the two defendants to justice
Investigation of the Florida Bar officials enabling these two rogue attorneys
Emotional distress from all parties in the kidnapping of minor child and conspiracy.
Money for minor child of trauma caused of not seeing minor child for two years.
Money paid for reunification with minor child to therapist, psychologist, supervisors.
Money paid for attorney fees.
Future money for therapy for both plaintiffs.
Investigation of General magistrate Carlos Fernandez and Judge Carlos Sarduy.
False Domestic Allegation off of the plaintiff record completely.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 1, 2022

Signature of Plaintiff

Printed Name of Plaintiff     Malvin Garnett

### B. For Attorneys

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Date of signing:                 _____

Signature of Attorney          _____

Printed Name of Attorney       _____

Bar Number                     _____

Name of Law Firm               _____

Address                        _____

                               _____    _____    _____
                                    *City*            *State*     *Zip Code*

Telephone Number               _____

E-mail Address                 _____

United States Southern District Court
District of Florida
Civil Docket No. _____

VERIFIED COMPLAINT- DEMAND FOR JURY TRIAL

Malvin Garnett

Plaintiff, and N.C.G., plaintiff

Vs.

**Priscille Duvalsaint,  Marie Liautaud, Leslie Puzo Esq** "individually and in her official capacity",

**Diksha Sharma Esq** "individually and in her official capacity,",  **Yasmin Morshedian,**

"individually and in her official capacity." **Judge George Sarduy,** "individually and in his official

capacity and **General Magistrate Carlos Fernande**z, "individually and in his official capacity."

## PLAINTIFF CLAIMS

1.      Federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth, and Fourteenth Amendments of the federal constitution, by the defendant under color of law in his capacity as a judge and general magistrate in the Superior Court of Miami Dade County.

## JURISDICTIONAL BASIS

2.      There has been a violation of the due process of the law for the plaintiff with the conspiracy of the defendants. The totality of the facts will show a denial of fundamental fairness, shocking to the universal sense of justice. All defendant parties listed have conspired together and violated the plaintiffs constitutional rights therefore following under federal jurisdiction.  Statutory Authority Plaintiff is asking the Federal courts to resurrect justice, fairness, accountability, and responsibility of all parties involved and correction and investigation to their torts and like torts while their duties of color of the law. I ask that the federal courts follow the law and prosecute civilly by the laws stated.

3.      Federal Courts can rule on federal claims involved in state divorce cases and award money damages for federal torts cases involving intentional infliction of emotional distress by denial of parental rights visitation, as long as the Federal Court is not asked to modify custodial Status. Lloyd v. Loeffler 518 F. Suppo 720; Fenslage V. Dawkins, 629 F. 2d 1107, Kjtaziv. Kajtaz, 489 F> Supp 15 (1976), Spindel V. Spindel, 283 F. Supp. 797 (1969).

## LIST OF PARTIES

### PLAINTIFF

MALVIN GARNETT natural person residing at 437 SW 3rd St #4 Miami, FL 33130

N.C.G. MINOR CHILD natural person residing at 437 SW 3rd St #4 Miami, FL 33130

## DEFENDANTS

Judge George Sarduy Defendant is a Judge presiding at Miami Dade County, "individually and in his official capacity"

General Magistrate Carlos Fernandez is a General Magistrate presiding at Miami Dade County "individually and in his official capacity"

Priscille Duvalsaint natural person residing at 2321 Laguna Circle #709 North Miami, FL 33181

Marie Liautaud natural person residing at 2321 Laguna Circle #709 North Miami, FL 33181

Leslie Puzo Esq "individually and in his official capacity"

Diksha Sharma, Esq "individually and in his official capacity"

Yasmin Morshedian "individually and in his official capacity"

## CONSTITUTIONAL PROVISIONS

Second Amendment, U.S. Constitution

Fifth Amendment, U.S. Constitution

Eleventh Amendment, U.S. Constitution

Sixth Amendment, U.S. Constitution

Fourteenth Amendment, U.S. Constitution

## STATUTORY PROVISIONS

18 U.S. Code § 241, Conspiracy against rights

18 U.S. Code § 242, Deprivation of rights under color of law

18 U.S. Code § 286, Conspiracy to defraud the U.S. Government.

923.18 USC § Conspiracy to defraud the United States

18 U.S. ode § 287, False, fictitious or fraudulent claims

18 U.S. Code § 371, Conspiracy to defraud the United States

18 U.S. Code § 1031, Major fraud against the United States

Fed.R.Civ.P.60 Fraud on the court.

28 U.S. Code § 455, Disqualification of justice, judge or magistrate judge 31 U.S. Code §

3729(a)(1)(A)(B)(E), False claims.

42 U.S.C. § 1983 Malicious prosecution.

22 U.S. Code § 7102 Abuse of process

Florida Statue 787.03 Kidnapping and interference with custody.

Florida Statue 787.02 False imprisonment

26 U.S. Code § 7434 Civil damages for fraudulent filing of information returns.

COUNTS

1. US Code § 241 Conspiracy against rights all defendants came together to violate the plaintiffs constitutional rights.

2. 18 U.S. Code § 242, Deprivation of rights under color of law Leslie Puzo, Diksha Sharma, GM General Magistrate, Carlos Fernandez, Judge George Sarduy, and Yasmin Morshedian were acting under the color of any law to willfully deprive a person of a right or privilege protected by the constitution and laws of the United States.

3. 18 U.S. Code § 286, Conspiracy to defraud the U.S. Government Leslie Puzo Esq, Diksha Sharma frauded the Judge as officers of the court gave partial documents and falsified a court order to defraud the Judge. Leslie Puzo, Priscille Duvalsaint gave fraudulent tax documents to defraud the US Government.

4. 923.18 USC § Conspiracy to defraud the United States Leslie Puzo, Diksha Sharma, and Priscille Duvalsaint falsified a court order and turned in partial documents to defraud United States Judge.

5. 18 U.S. Code § 371, Conspiracy to defraud the United States, Leslie Puzo, Diksha Sharma, Priscille Duvalsaint, Marie Liautaud, GM Carlos Fernandez, Judge George Sarduy, and Yasmin Morshedian conspired to violate the plaintiffs constitutional rights from being a father to having the right to file an appeal.

   18 U.S. Code § 1031, Major fraud against the United States Leslie Puzo, Priscille Duvalsaint committed fraud against Judge William Haury to attempt to get the marital residence dropping the case from the divorce and creating a new case in civil court. Defendant has Filed Second Action Against the Same Parties Related to the Same Allegations for summary judgment.

6. Fed.R.Civ.P.60 Fraud on the court. Yasmin Morshedian, Leslie Puzo, Priscille Duvalsaint, Diksha Sharma,

7. 28 U.S. Code § 455, Disqualification of justice, judge or magistrate Judge George Sarduy, GM Carlos Fernandez

8. 42 U.S.C. § 1983 Malicious prosecution Leslie Puzo, Priscille Duvalsaint

9. 22 U.S. Code § 7102 Abuse of process Leslie Puzo, Priscille Duvalsint, and Diksha Sharma

10. Florida Statue 787.03 Kidnapping and interference with custody. Marie Liautaud, Priscille Duvalsaint, Leslie Puzo, Diksha Sharma, Judge George Sarduy, and GM Carlos Fernandez

11. Florida Statue 787.02 False imprisonment Priscille Duvalsaint, Marie Liautaud, Leslie Puzo, Judge George Sarduy, and GM Carlos Fernandez

12. 26 U.S. Code § 7434 Civil damages for fraudulent filing of information returns. Leslie Puzo, Priscille Duvalsaint, Carlos Fernandez

## STATEMENT OF THE CASE

3.      Everything stated the plaintiff has proof in support of, the mother had a conspiracy plan with

Dr. Malissa Tigges who the attorney and specifically chose as a psychologist after the plaintiff

objected, Judge George Sarduy, Leslie Puzo, Diksha Sharma, Marie Liautaud, Priscille Duvalsaint,

Yasmin Morshedian, and GM Carlos Fernandez. They conspired to take and keep the child away

from the father unlawfully and unconstitutionally. In the process of keeping the children outside

Miami Dade County each defendant actively concealed the children's where abouts and interfered

with the father's efforts to locate the child. All parties involved aided the mother's efforts to keep the

child from their father unlawfully. These acts were committed intentionally and it was reasonably

foreseeable that the acts would result in the mental anguish that the plaintiffs has suffered.

4.      In the cause of action for civil conspiracy every person involved as defendants had a place in

the organization. Priscille Duvalsaint was the kidnapper, Leslie Puzo created a 9 page court order

that kept the father away from the minor child. Dr. Malissa Tigges did not complete the

psychological evaluation that the father agreed for as long as Priscille Duvalsaint paid for it. The

evaluation was not done for 9 months. Priscille Duvalsaint refused to pay for the evaluation, the

transcript will show Dr. Malissa Tigges stated the report took so long because she was not paid the

full amount the father was not notified because Priscille Duvalsaint was court ordered to pay. Leslie

Puzo false court order came in effect again. Originally the Judge stated the plaintiff did nothing

wrong but after reading the fraudulent court order and him stating on the court record on March 9,

2020 he doesn't remember what happened. He then stated that he never kept me away because

diabetes but the transcript says differently. Judge George Sarduy stated from the way that I asked

questions but it is my constitutional right to question the accuser but he yelled at while doing it.

Diksha Sharma gave partial documents which is illegal as a Florida Bar attorney in which the plaintiff objected stating items were missing. Judge George Sarduy made a decision off of partial documents there was no exhibits that had anything to do with daughter and there was no exhibits given before this hearing. No Judge wanted to deal with Judge George Sarduy falsified court order that was signed. I was legally harmed severally walking into the psychological evaluation, in court, with new judges. On March 9, 2020 it was brought to the Judges attention the defendant did not go to FCS delaying visitation. It was stated that visitation was not given, do to the falsified court order the Judge signed he stated I was not seeing my daughter due to behavioral issues. When asked by the attorney Jennifer Ford Judge George Sarduy did not remember. So Judge George Sarduy kept a father away from his child and he did not even bother to make a note of the reason. The plaintiff hired an attorney to fix what Leslie Puzo by fraud on the court. On February 28, 2020 Jennifer Ford filed another emergency order that was ignored by Judge George Sarduy because she falsified an agreed order between Jennifer Ford and Leslie Puzo stating that I would only see my daughter in an indoor day care. Marie Liautaud kept the daughter away from the father along with the mother. The mother wanted anybody to have visitation with the minor child except for the father.

5.  The mother moved away from the father in this day and age of absent fathers why would the mother want to intentionally severe the ties of a child and father. Everyone is calling out for fathers to be involved in their child lives but all defendants involved have played a part in destroying and undermine the father child relationship. Priscille Duvalsaint has inflected trauma on the child, my daughter has stated traumatic things to the father on several occasions caused by Priscille Duvalsaint. Children feel trauma when they feel rejected from a parent and Priscille Duvalsaint has intentionally done that. Priscille Duvalsaint personally hates me more then she loves the child and she is willing to inflict harm on the child for her personal vendetta against me. What normal rational

normal human being does that, what parent does that to a child? Only someone who has severe mental issues her personal psychologist friend stated that she needs to be further evaluated. The mother lived with the father for 10 years, now the mother has attempted to make the everyone else around the child to have a greater relationship but me. When I was not seeing my daughter, the daycare, the preschool but when the father was to see the child she stated for supervised visitation but none of these other people needed such.

6.      The child has suffered when the plaintiffs  were separated, the mother has defied the law she has defied the court order. She will defy the law, she lied to the police when I did a wellness check she lied and say that she called the police on plaintiff stating nothing but lies. The body cameras will show she did not even know I was there. The false domestic injunction costs plaintiff attorney fees, job opportunities, emotional distress, and not seeing my daughter from November 2020 to June 2021.

7.      During the Domestic Violence injunction until the disposition was given the plaintiff constitutional rights to bear arms was violated due to the malicious prosecution of Priscille Duvalsaint and Leslie Puzo. The DV injunction was expired on numerous occasions and reinstated illegally. January 25, 2021 was the first time it was expired.

8.      The mother's plan was to kidnap the child abusing the child NCG mentally and keeping her from companionship of a loving father. Violating the former husband rights before the divorce was served.  The mother ascertained an emotional act of violence and abuse against the minor child N.C.G. and violated the father's constitutional rights. The defendants with the abuse of the process, violations of rule 11 with pleadings with no evidence in support has committed malicious prosecution, and fraud on the court.

9. Leslie Puzo had Judge George Sarduy sign an ex parte court order that was signed the next day of things that were not stated in court. The things that were falsely signed the defendant had to walk into the psychologist evaluation with negative things that were not stated in court due to Leslie Puzo falsified court order she had the Judge signed. For example Leslie Puzo put in the court order that the court finds the defendant to be a danger to the minor child but the Judge said the exact opposite. The court order was 9 pages long and was fraud on the court filled .

10. The plaintiff paid for a transcript of the Judge George Sarduy ruling. The Judge then stated for the plaintiff to pay for the entire transcript. When the plaintiff paid for the entire transcript the Judge then recused himself two days after uploading it to the court docket. Judge George Sarduy was refusing to set the case for hearing if the entire transcript was not paid available.

11. The plaintiff is asking for the ability to recover for the loss of society of minor child NCG and for her emotional distress resulting form its abduction or enticement. NCG was 21 months old at the time of abduction.

12. The plaintiff is asking for reasonable expenses incurred for reunification and regaining custody that have been paid by the plaintiff. Attorney fees, private investigation fees to find the minor child. The plaintiff is also requesting therapy fees for future allocation of the minor child and plaintiff that have been spent and may be spent.

13. The plaintiff has failure to obtain substantial justice in state courts lead to suit being filed in Federal Court under Title 42 United States Code Standard 1983. This suit asks for relief of all orders made in violation of the law, that due process of law be allowed, and further issue relief as the court deems appropriate.

14. The court in this manner the court being Judge George Sarduy failed to stress, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful

countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility.

15.     Leslie Puzo ex parte court order denying parental rights, personal liberties can be the basis of suits for money damage sand it was unconstitutional. Rankin V. Howard, 633 F. 2d 844(1980); Geisinger V. Vose, 352. Supp. 104 (1972). Ex parte communications are inherently unfair and violative of the due process.

16.     Recent decisions have made it clear that when state law regulating divorce comes into conflict with the Fourteenth Amendment, then it is the duty of the federal courts to resolve that conflict in favor of the constitution. Boddie V. Connecticut, 401 U.S. 371, 91 s. Ct. 780, 28 L. Ed. 2d 113 (1971). In this instance Judge George Sarduy discriminated against the plaintiff Malvin Garnett, Troxel v. Granville Malvin Garnett was to be presumed a fit parent instead Judge George Sarduy violated his constitutional rights restricting his parenting. Malvin Garnett has never been arrested, has an MBA, was a basketball coach for Booker T. Washington, worked with Autistic kids, and was a volunteer for big brothers big sisters but Judge George Sarduy stated for him to have supervised visitation and signed a fictious court order stating no more then 3 hours to spend with daughter totaling 6 hours per week.

17.     Leslie Puzo and Priscille Duvalsaint committed conspiracy to deprive plaintiff of the society and companionship of his child, in violation of a custody decree of the State of Florida.

18.     The plaintiff as a result of defendants willful and deliberate violation of the custody decree, the plaintiff has incurred substantial expenses in attempting to locate and recover the custody of his minor child as well as suffered severe emotional and mental strain and anguish.

19.     Testimony of the mother will show the minor child suffered mental anguish as well.

20. Judge George Sarduy and GM Carlos Fernandez was administered with an evil eye and a heavy hand was discriminatory and violated the Equal protection clause of the Fourteenth Amendment depriving the plaintiff of his constitutional protection.

21. On October 31, 2019 the plaintiff and Leslie Puzo went to court for T-mobile records, Judge George Sarduy at the time told Leslie Puzo 5 year attorney it would not be easy to keep the father away, that was changed when another attorney was added Diksha Sharma 15 year attorney.

22. The plaint claims asserts an conspiracy to deprive the plaintiffs of civil rights by defendants Priscille Duvalsaint , Marie Liautaud, Leslie Puzo Esq, Diksha Sharma Esq, Judge George Sarduy, General Magistrate Carlos Fernandez defendant under color of law in his capacity as General Magistrate in the Superior Court of Miami Dade County, Yasmin Morshedian.

23. Judge George Sarduy and General Magistrate Carlos Fernandez are

trespassers of the law. Fathers' Rights Case Law Title 42 USC 1983 is for (federal) civil rights violations. "Judges may be punished criminally for willful deprivation of rights on the strength of Title 18 U.S.A. 241 and 242." IMBLER V. PACHTMAN, 424 U.S. 409; 96 S.Ct. 984 (1976).

24. The Plaintiffs rights were violated by all defendants the right of the plaintiff to the care, custody and to nurture the child is of such character that it cannot be denied without violating those fundamental principals of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment and amendment 5, 9, and 14 DOE V. IRWIN, 441 f. SUPP. 1247.

25. Judge George Sarduy has violated my Fourteenth Amendment he has deprived plaintiff liberty in terms of my rights to be a father restricting me because of what someone said with no evidence in support of and stating it on the record. Judge George Sarduy has violated due to race, gender, and

violating ADA the father being a diabetic. The father has not been judged on his actions but on things that he was born with and unable to control.

26. Diksha Sharma, General Magistrate, Judge George Sarduy, and

Leslie Puzo used their official position to exert influence and physical control over the plaintiff. Diksha Sharma has placed fraud on the court knowingly and Judge George Sarduy has welcomed it as well as GM Carlos Fernandez .

27.     Judge George Sarduy intentionally caused emotional distress there is a part of the transcript where he states the mental harms of the court can cause and he unjustly put the plaintiff through it knowingly there was not a case plan or reunification plan ever put in place for the father nor was Judges actions ever justified by case law or statue.

28. Priscille Duvalsaint with her mother and the help of her attorneys

has abused the legal process and has not taking responsibility of her actions exercising toxic parenting, refuses to coparenting, not letting the father know what is going on with the minor child, continued litigation, knowingly false allegations, denied parenting time, concealment of the minor child, violating numerous court orders that were put in place for the best interest of the minor child.

29.     Yasmin Morshedian on two occasions refused to type a transcript under conspiracy and being friends to Leslie Puzo. On September 29, 2021 and September 30, 2022 Yasmin Morshedian gave a partial transcript of the contempt of court of Leslie Puzo when everything was asked for by the plaintiff except of the opening statement.

30.     On or about September 2021, The plaintiff was appealing Judge William Haury on the terms of fraud on the court and not vacating the fraudulent court order. Judge William Haury also made an decision without hearing all of the evidence. Judge William Haury also allowed an expert witness that was irrelevant to testify defendants contempt of court filed less then 12 hours prior.

31. Leslie Puzo stated that she did not have a transcript when she drafted the 9 page court order but the Florida Bar states when she found out her job as an Florida Bar attorney is to correct the court order. During the contempt of court hearing Leslie Puzo testimony did not contradict anything that the plaintiff alleged with regards to the contempt. Yasmin stopped typing the transcript for no reason to protect Leslie Puzo.

32. Judge George Sarduy and Gm Carlos Fernandez pledged to a Judges Oath of office and canons of Judicial Code of Conduct.

33. I am asking for relief from Judge George Sarduy and GM Carlos Fernandez attorney fees and declaratory relief and injunctive relief and these two parties all of their cases be reviewed of people's constitutional rights violated. These Judges tend to believe that this is their communist country and they can do whatever they want and they are above the law.

34. Judge George Sarduy and GM Carlos Fernandez have violated my rights refusing to follow 61.13 best interest of the child. The most important constitutional right that was violated was equal protection of the laws.

35. From August 2018 to October 2018 the parties went to marriage counseling by request of the plaintiff for issues in the marriage pertaining' to maternal mother, the defendant constantly disappearing and concealing with the minor child, the defendant driving around with the minor child with no seat belt, irresponsible spending, and being inconsiderable in the marriage. Both parties has the chance to speak to the marriage counselor by themselves before then having counseling together. The parties issues in the marriage have been documented but the defendant came up with issues adding a psychological evaluation in order to keep the father away from the minor child. There has been no findings that was justified in the mother's actions the entire case to be able to restrict the father from the minor child.

36.   The defendants acts or omissions were intentional.

37.   On June 17, 2019 the defendant, Priscille Duvalsaint filed for divorce with the help of her attorney Leslie Puzo. The legal document was of allegations of the plaintiff mistreating the minor child when he was upset, erratic, screaming, and yelling at the wife and minor child traumatizing the minor child, leaving diabetic needles out never taking medication for diabetes, playing with pens, taking the minor child out of jurisdiction without informing the wife Stating she did not know the whereabouts of the minor child. Stating that during the trip she did not know if the minor child is safe and unharmed. The wife is extremely concerned about the safety and well-being of the minor child when the minor child is left with the husband unsupervised. The plaintiff is extremely violent and has shown aggressive behavior towards the wife and minor child, numerous times. The respondent is an aggressive and violent person.

38.   Text messages of five years shows that the mother was lying about all incidents in the previous paragraph. The plaintiff has never had his day in court. The mother and attorney lie and the plaintiff then has to spend time showing proof it is a lie.

39.   The mother, attorney, and Judge this entire case has ignored the best interest of the child under the constitution Troxel v. Granville. Judge George Sarduy violated the plaintiff rights as to be presumed a fit parent. Judge George Sarduy violated plaintiffs constitutional rights to be a parent. I have been discriminated against by George Sarduy and was treated differently in terms of people going through divorce in the same situation.

40.   The US Supreme Court implied that a (once) married father who is separated or divorced from a mother and is no longer living with his child' could not constitutionally be treated differently from a currently married father living with his child. Judge George Sarduy ignored this there were

pictures shown before the divorce and the relationship of child and parent and he did nothing to restore no case plan or anything. The parties in this case were married until September 24, 2021.

41. Plaintiff rights were violated due to being a black, a man, and a diabetic in violation of the ADA and was retaliated against for fighting for his daughters rights and his rights under the following listed amendments.

42. The mother and attorney talked bad about the plaintiff with no evidence none what so ever and Judge George Sarduy stated so. Everything was hypothetical, hearsay potential and sometime in the future. The mother crystal ball has not worked because everything that she has stated will happen hasn't happened. The only evidence the mother has showed this entire case it the father likes to travel. The mother lied to the tribunal and did not state she was traveling with the father.

43. Florida is a not at fault state for divorce and the only purpose of stating these lies knowingly was due to legally harm the plaintiff, harass, embarrass, and cause emotional distress.

44. The father took the minor child NCG California for a family reunion for three days and text messages show that the defendant always knew where the minor child was. The mother also face time the minor child numerous times a day and the plaintiff has screen shots of the record the plaintiff knowingly stating the lies she did not know if the minor child was unsafe.

45. The plaintiff has documentation from insurance company of insulin taken through the years. The plaintiff has documentation that the police have never been called to the residence and from the marriage counseling no claims of abuse. There was ADT cameras in the home but during discovery the defendant refused to give dates of any type of screaming or any of the claims with no evidence of support. The plaintiff has 5 years of text messages that have been turned in to court showing the plaintiff has never put hands on the defendant.

46. Defendant, Priscille Duvalsaint from November 12, 2019 to June 7, 2021 refused court ordered visitation to the plaintiff and had the minor child concealed..

47. Priscille Duvalsaint and her mother Marie Liautaud ran away with the minor child NCG.

48. On June 17, 2019 on the UCCJEA the mother and attorney put down the marital address 437 SW 3rd St. #4 Miami, FL 33130 instead of the actual address she took the minor child to. The proper address was not filled out until February 2022 when the plaintiff took them to court twice to have filled out.

49. During the child support hearing you will see that GM Carlos Fernandez lead the defendant while questioning her. His report is false and the transcript will show he follows the conspiracy the parties have come together for the father to pay 30k for child support and 366 a month even though the mother makes 5 times more then the father and the father was rewarded 50/50.

50. On July 2, 2019 the defendant, Priscille Duvalsaint took the minor child N.C.G. outside of the county violating the Status Quo from Miami Dade to Weston, FL. The father did not have access, the child was concealed from July 2, 2019 when the father was served with divorce paperwork to June 7, 2021 when the case at the plaintiffs request moved to Broward.

51. The father filed an emergency motion to get the child back but Judge George Sarduy ignored the hearing among other hearings. The plaintiff attorney filed a emergency motion more then one that was also ignored by Judge George Sarduy showing other motives.

52. In May 2019 the defendant Priscille Duvalsaint got a 2nd apartment in Weston and did not tell the husband and did not put the apartment on the UCCJEA.

53. When the mother filled out the UCCJEA she put the marital home only. There is text messages she stayed at the new home with the minor child and her mother and did not put on the UCCJEA to conceal the minor child.

54. Everyday the plaintiff would contact the attorney because the mother blocked the father from access to the minor child. N.C.G. when showed a recording of the mother hanging up the 1min and 38 seconds. The mother would hang up the phone when the plaintiff made NCG laugh. The father would start to record the conversations as protection the mother then refused to allow the father to speak to the minor child.

55. The mother tried to make it seem like the face time calls was to replace visitation which goes against best interest of the child and it was unlawful and against the court order.

56. Leslie Puzo would sabotage visitation the parties only offered visitation twice from July 2, 2019 to June 7, 2021 it was supervised visitations one of the times February 2020 Leslie Puzo stated for visitation less then 5 hours notice with sister Keisha Garnett, the email will show when everything was set Leslie Puzo cancelled it for no reason. The next day knowing Keisha Garnett had to work the mother showed up to the sister house to make it look like the father did not show up for visitation.

57. Another time Leslie Puzo stated the father could not see the minor child unless they were to meet at an indoor day care. When the father agreed Leslie Puzo cancelled the meeting. Leslie Puzo wanted the father to sign his rights to all meetings to be at a indoor play ground.

58. Another time in July 2020 Leslie Puzo would not allow visitation unless the mother could come sit on the couch. The father state he was afraid of false DV allegations, due to in the original marital documents the defendants stated the plaintiff was extremely violent. False DV allegations was filed in November 13, 2020 and the plaintiff did not see the defendant.

59. The plaintiff had the option of two supervisors his sister Keisha Garnett or Nigel Degraff in July 2020. Leslie Puzo sent an email stating that if my attorney did not see me with my daughter at his law office I could not see my daughter. After the visitation Leslie Puzo filed a motion to disqualify the attorney being that he was representing the plaintiff. The entire visit was recorded there was no

issues. Leslie Puzo then stated we needed a parent coordinator in which the defendants asked Judge Sarduy for and stated on the record they would pay half. They refused to pay and there was not a reason for a parent coordinator because there was email stating any date any time by the plaintiff. This was only attempt to violate and sabotage the minor child and the father visitations.

60.     When the child was kidnapped the father went to the City of Miami Police station located at 400 NW 2nd Avenue, Miami, FL 33128. They stated that they do not get involved in custody cases there has to be a court order from the Judge for arrest. Judge George Sarduy refused to put set dates and times and the transcript will show on March 9, 2020 the plaintiff requested set dates and times. Judge George Sarduy would say during court hearings this was a tragedy for the minor child but not enforce anything. Judge George Sarduy blamed Jennifer Ford and the plaintiff for no visitation, there was to be visitation twice a week at no point and time was any attempts showed by the defendants in the means the plaintiff believes this clarifies as conspiracy between the defendants, Leslie Puzo, Diksha Sharma, Diksha Sharma, and Judge George Sarduy.

61.     The plaintiff contacted Weston police department they stated the court order had to have set dates and times to get involved. The parties went to court twice Judge George Sarduy knew the father was not seeing the minor child but refused to set dates and times.

62.     The plaintiff contacted North Miami police department and they stated they must have a court order to be able to take the child.

63.     For the false domestic violence case the plaintiff went to the police department they stated they can't do anything because the defendant did not file a police report.

64.     The plaintiff went to the State attorneys office at 1350 NW 12th Avenue, they stated they cannot do anything because the plaintiff was not arrested.

65. The plaintiff filed motions to handle false domestic violence case in family court and Judge
William Haury would not allow the father to bring it up stating that he dismissed it.

66. The court orders and the transcript from August 26, 2021 with the kidnapping Judge William
Haury stated he was not dealing with any prior judges court orders. He stated I might be right for the
domestic violence allegations and the kidnapping but he is trying to move the case along and add
more time sharing with supervised visitations. In which the court order was done ex parte and under
terms of fraud. The two lawyers gave partial documents to make it look like the plaintiff was fired
due to violence knowing that was not true.  Florida statue and case law only way to restrict visitation
was if the father was a harm to the child. The original Judge George Sarduy stated he was not a harm
to the child.

67. The father emailed the mother and attorney to see the minor child they either ignored or denied.
At one time Leslie Puzo asked what the plaintiff wants and he stated what Status Quo says, the
conversation was through email.

68. The father started recording the plaintiffs on the phone to protect himself and the defendant
Priscille Duvalsaint no longer allowed communication because she was stating the father was being
inappropriate. The father did not want to answer the phone because the mother would hang up the
phone when he made NCG laugh text messages will show he was on the phone for 1.38 seconds
before the mother would hang up the phone.　　`

69. Priscille Duvalsaint unlawfully took away the minor child without the plaintiff consent. Priscille
Duvalsaint is guilty of custodial interference, child concealment, and parental abduction.  The
defendant Priscille Duvalsaint refused to allow the father to see the minor child N.C.G. until set
dates and times was set by Judge Fabienne Fahnestock.

70.     When Judge Fabienne Fahnestock set dates and times there was a DV Injunction, she went off of the falsified court order that Leslie Puzo stated that Judge George Sarduy stated no more then 3 hours. It was never stated in court. Judge Fabienne Fahnestock stated to set a motion to modify the court order when done so immediately a court date was never set.

71.     On July 2, 2019 The defendant and her mother, Marie Liautaud the co abductor violated Florida Statue 787.03 in which is a felony of the third degree by kidnapping NCG maternal mother harbored and abetted. The defendant Marie Liautaud showed up to court on March 9, 2020 so she was aware of the court proceedings and the wrong doings of the co-defendant.

72.     Defendant Priscille Duvalsaint removed the child from the county of Miami Dade purposeful and unlawfully abducted the child or even removing the child without the plaintiff consent.

73.     The transcript will show the defendant testified that her mother gave her money, abetting.

74.     The plaintiff asked the defendant, Priscille Duvalsaint by text message and email where the child was, the defendant refused to state location as well as her attorney.

75.     The plaintiff asked the defendant Leslie Puzo and the defendant Priscille Duvalsaint everyday where the minor child was and to see the minor child the parties refused. They chose to emotionally abuse the minor child by affecting her developmental by her not seeing her father who was active in her life and the primary care giver before the divorce was filed.

76.     On or about August 2019 the plaintiff called Judge George Sarduy judicial assistant to set hearing for temporary time sharing. The assistant called the attorney Leslie Puzo on three way and set on November 12, 2019. Before setting the hearing Leslie Puzo stated that we had to simply wait for a court hearing. She lied to the plaintiff so things would stay the way they were. When the Plaintiff set a court hearing Leslie Puzo violated the plaintiff due process by taking over the court date and misleading the tribunal.

77. On November 6, 2019 Leslie Puzo filed a motion for psychological evaluation in which violated the plaintiffs due proves of law. Leslie Puzo during her opening statement states that she set the hearing for psychological evaluation. The plaintiff only brought pictures to the temporary time sharing to show the relationship between father and daughter before the kidnapping The plaintiff had two witnesses that contradicted what the defendant testified to. The full transcript for November 12, 2019 is available.

78. On November 12, 2019 the defendant Priscille Duvalsaint testified that the father was not in the daughters life the first year she was born. Ms. Duvalsaint placed fraud on the court.

79. The defendant Malvin Garnett was the primary care giver from two months after NCG was born October 21, 2017 until kidnapped July 2, 2019. Text messages will show.

80. The defendant kidnapped and interfered with the plaintiffs custodial rights. The defendant Priscille Duvalsaint did not have lawful authority, who took the minor NCG who was 1 year and 9 months when the defendant kidnapped the minor child and her Marie Liautaud abetted ***

81. From July 2, 2019 to November 12, 2019 the minor child and father were protected by Status Quo. The defendant committed a 3rd degree felony of interference with custody. The defendant filed numerous emergency orders to be reunited with the minor child by different judges it was never heard the judges violating the fathers constitutional rights to be a father the first Judge being Judge George Sarduy there was other judges after Judge George Sarduy who the Judge swore in Like Marcia Del Rey and the discrimination and violation of constitutional rights continued. .

82. On November 13, 2020 the defendant Priscille Duvalsaint committed another felony. The plaintiff hired a private investigator to find out where she was living. When the plaintiff found out where the minor child was he did a wellness check, on October 31, 2020 and November 8, 2020. The body cameras and police report show the father is the one that called the police.

83.     The defendant filed knowingly a false DV injunction stating the police were summoned, the plaintiff tried to break in, the plaintiff punched her, the plaintiff sexual assaulted her. The plaintiff does drugs, the plaintiff is an alcoholic, the plaintiff has a history of mental health issues and takes medication.

84.     The defendant did this purposely she lied to get a dv injunction and she also did it to stop the plaintiff from working. Both parties are licensed by the BCBA which you must self report and you cannot have mental issues. When the plaintiff self reported he was unable to work and was unable to finish his school classes due to not being allowed to have a client. The defendant has ruined his reputation and defamed his character knowingly and the evidence will show.

85.     The Plaintiff is suing for defamation of character, slander, libel as an civil tort to knowingly stated things about the plaintiff Priscille Duvalsaint knew not to be true regarding domestic violence, drugs, mental health, and accusations of being an alcoholic. This caused 8 months of not being able to work and missing out on job opportunities the parties are both licensed by the same licensure so she was aware of her actions before doing so.

86.     The mother also staged a fake break in showing someone went through her car stating it was the father but just like everything else in this case no police report was filed and the mother refused to state the date when the car was broken into allegedly.

87.     The civil case of defamation will help in restoring the injured spouses' tarnished reputation and a part to his mental health.

88.     The defendant Priscille Duvalsaint provided false information, false testimony to obtain a DV injunction and the plaintiff has a basis for relief. The plaintiff lied about sexual assault, mental health issues, drugs, and being an alcoholic in order to gain an advantage in a custody dispute. The

plaintiff is still trying to clear his name of the malicious conduct designed to harm the reputation of the plaintiff.

89. Leslie Puzo represented this violating Rule 11, she requested for a continuance to be able to subpoena the officers and never did. She saw the body cameras from both days and still tried to suppress the truth during thre trial and she still brought the false claims forward violating malicious prosecution and abuse of the process.

90. The plaintiff has reported both attorneys to the Florida Bar and they are stating this is a civil case they do not have the investigatory powers according to them. The plaintiff feels the disciplinary committee should have handled the attorney but since they didn't Federal Court is the proper realm. During a contempt of court hearing against Leslie Puzo the transcript will show on August 26, 2021 told Judge William Haury he does not have the power to suspend her bar license. The plaintiff is asking for accountability on all parties on their conspiracy.

91. The Fraudulent scheme that was dependent upon an Leslie Puzo and Diksha Sharma is common law fraud liability. Leslie Puzo and Diksha Sharma are guilty of malicious prosecution and abuse of process by their stated actions of psychological evaluation as well as domestic violence injunction, and the civil case regarding the house.

92. Leslie Puzo dropped the case to try and obtain the house out of the divorce, out of family court and filed the case in civil court to try and place fraud on the court to steal the house. The plaintiff paid for attorney fees for help with briefing the response.

93. Leslie Puzo and Diksha Sharma have a pattern of deceitful activity the instance of deceit is enough to sustain liability.

94. Leslie Puzo has committed and suborns perjury.

95.     The attorney and Priscille Duvalsaint have lied about anything and everything for just senseless reasons, the judicial process can not survive with such liars. For example Leslie Puzo has stated in open court that she has asked me about a violin. All communication is a paper trail and no such things have been asked for but they have stated it to portray me as a thief.

96.     The defendant, Priscille Duvalsaint then testified that the father was only left alone with the child no more then 4 hours a day and she had cameras installed in the house which was a lie. There was a baby monitor in the house and that was it. The defendant place fraud on the court so the plaintiff was legally harmed and it affected time with the minor child NCG. The defendant lies depending on action she stated this but then in child support stated she made less money because she had to care for the minor child. Depending on the Judge depending on what the defendant wants she will tell new lies contradicting her old lies.

97.     Leslie Puzo sent a subpoena for family members who lived out of state threatening contempt of court if they did not show up. The subpoenas was to harass family members.

98.     On November 12, 2019 the plaintiff constitutional rights were violated by Judge George Sarduy. Judge George Sarduy started yelling at the plaintiff when he was questioning the defendant Priscille Duvalsaint about being extremely violent. The defendant stated that the plaintiff squeezed her thighs, squeezed her ear lobe. While the plaintiff was questioning the defendant on cross examination trying to get the specifics as to when, where, how, and why the Judge interrupted the line of questioning. While the Judge was interrupting the testimony the defendant added to her testimony that wasn't stated during direct and the Judge replied with bias that is extremely violent.

99.     Leslie Puzo did not give interrogatories or notice of production so the plaintiff can be prepared for the motions, hearings, and have a defense for the psychological evaluation and the DV

injunction. The defendant Leslie Puzo gave no exhibits prior to the date of hearing to restrict his

rights as a father on November 12, 2019

100.    On October 16, 2019 Leslie Puzo requested to subpoena a 3rd party Malvin Garnett

family members Leslie Puzo called argued, harassed Sharon Greene while she was at work who lives

in Conyers, GA, Junior Greene who also lives in George, Phillip Harris who lives in Brooklyn, New

York, and Carol Harris who also lives in New York threatening for contempt of court. Regina the

plaintiffs mother. The plaintiff objected in a timely manner. Leslie Puzo violated Federal Rules of

Civil Procedure Rule 45 knowingly.

101.    On October 16, 2019 Leslie Puzo subpoena records from the former plaintiff job, the

plaintiff objected in a timely manner. Leslie Puzo still subpoena the records illegally violating

Federal Rules of Civil Procedure Rule 45 knowingly.

102.    On November 12, 2019 Diksha Sharma gave partial documents 7 pages out of 31 pages.

During the hearing she did not give the letter of authentication to the defendant during the line of

questioning. The plaintiff objected to the documents stating documents were missing. Diksha

Sharma placed fraud on the court and mislead the tribunal to make it look like the plaintiff was fired

for being violent. When the plaintiff stated he received his job back with back pay she objected and

stated facts not into evidence. It was not into evidence because she withheld the truth from the

tribunal against rules of the Florida Bar, which is illegal as a Florida Bar attorney. This drastically

legally hurt plaintiff, during the psychological evaluation case in terms was set for temporary time

sharing. There was no evidence shown to support their claims except this false information.

103.    Leslie Puzo on every occasion with numerous judges has filed motions intentionally after

the plaintiff was awarded a court date and piggy backed off of the court date and took over the court

hearing violating the plaintiffs due process of the law. It was not a cross hearing the attorney Leslie Puzo would lie and state she set the hearing or the days before file a notice of hearing.

104.     On November 12, 2019 the plaintiff was awarded time sharing 3 times a week, one day with FCS other two with his sister.

105.     On November 20, 2019 the defendant Priscille Duvalsaint was non complaint of Family Court Services in which she requested it. She had two attorneys and still violated FCS delaying the father seeing his child.

106.     Leslie Puzo did not respond to the plaintiff proposed court order until the day the day before she went on vacation. From November 12, 2019 to December 11, 2019 Leslie Puzo did not turn in the court order. Leslie Puzo purposely delayed turning in the proposed court order and respondent to the plaintiff. Taking time away from the father missing his child for holidays. When the court order signed the plaintiff was not notified until 27 days later.

107.          On December 11, 2019 Leslie Puzo turned in a ex-parte court order to Judge George Sarduy restricting the father access to the child. Leslie Puzo violated the plaintiffs fifth Amendment an 14th amendment right to due process.

108.          On December 12, 2019 Judge George Sarduy signed the ex parte court order on the next day not giving the plaintiff a chance to object to it.

109.     On December 17, 2019 the plaintiff found out that the defendant, Leslie Puzo turned in the court order ex- parte. He notified the Judge and received no response.

110.     At no point of time did Judge George Sarduy ever give a case plan to be reunited with NCG.

111.     On January 8, 2020, the plaintiff set a court hearing for the court order to be signed. On the day of the hearing, Leslie Puzo cancelled plaintiff court hearing and sent me a signed court order

from George Sarduy that was dated December 12, 2019. Judge did not give me a copy nor did the attorney after her ex parte court order was signed.

112.     Leslie Puzo frauded the court she put things in a court order that the Judge never said, made findings that the Judge never stated. Leslie Puzo made a 9 page court order to take place of a transcript and turned it in ex parte to make fraud on the court.

113.     Leslie Puzo wrote things that she stated where to testified to but the transcript shows otherwise.

114.     Leslie Puzo as an attorney of law- a lawyer must not knowingly misstate, misrepresent, or distort any fact or legal authority to the court or to opposing counsel and must not mislead by inaction or silence. Further, the discovery of additional evidence or unintentional misrepresentation must immediately be disclosed or otherwise corrected. Leslie Puzo lies and fraud on the court has affected the plaintiffs time sharing, cost thousands of dollars of litigation to correct it and was never corrected.

115.     On January 9, 2020 the plaintiff hired Jennifer Ford to correct the fraud on the court, abuse of the process and malicious prosecution Leslie Puzo did.

116.     Leslie Puzo had over 90 paragraphs in her court order.

117.     Leslie Puzo wrote pursuant to Fla. Fam. L.R.P. 12.360, this request for a psychological examination meets the standard. Judge George Sarduy did not make these findings.

118.     Leslie Puzo falsely wrote The court finds petitioner has met her burden, Husband's psychological examination is sin controversy as the petitioner has raised her concerns about the minor child's safety and welfare while in the care of the husband. Judge George Sarduy stated that they have not shown that the father is a danger to the minor child.

119. Leslie Puzo wrote the court finds, based on the testimony, that the husband is aggressive, defiant, and there are concerns regarding the minor child being in danger while in his care. The transcript will show that Leslie Puzo falsified the court order on this paragraph as well as many others.

120. Leslie Puzo fraudulently wrote husband shall be psychologically evaluated by Dr. Malissa Tigges. The petitioner volunteered for a psychological evaluation as long as the petitioner paid for both of them.

121. Leslie Puzo wrote wife has voluntarily agreed to also be psychologically evaluated by Dr. Malissa Tigges, PsyD. The transcript shows that if she did not agree to it he would court order her to a psychological evaluation.

122. Leslie Puzo wrote to harm the minor child and the father relationship, the Respondent/husband shall have supervised visitation two times a week, no long than three hours. There was never a restriction placed.

123. When Leslie Puzo did her opening statement she came in there asking for one psychologist and one only. Judge George Sarduy gave them the psychologist they asked for and Leslie Puzo has worked with this psychologist before. Normal instances there are 3 options and the Judge chooses one. The parties had the option and the transcript will show to go to FCS where the payment of the psychologist would be on a sliding schedule pertaining to salary. The attorneys chose to pick this one psychologist and pay for both or agree to pay for both.

124. On November 12, 2019 the Judge stated for plaintiff to bring medical records and hurry with the psychological evaluation. The only way to restrict a parent from their child is if they are a danger to the child. Judge George Sarduy kept me away from my child due to the bitterness of a ex wife. It is normal for couples going into divorce to say things but for a Judge to take action of

restriction with the minor child NCG without any evidence in support of is discrimination and against the plaintiffs constitutional rights.

125.     My constitutional rights as diabetic were violated in terms of HIPPA. I am to walk into the court innocent until proven otherwise. Due to discrimination I had to prove what they're saying is a lie versus them bringing evidence in support of.

126.     Diksha Sharma stated my confidential records to the Florida Bar over a argument of the charges that were stated of her wrong doings. My medical records were given by Leslie Puzo they were not given to her by the Dr. This is a violation of HIPPA and my constitutional rights.

127.     I was punished by Judge George Sarduy called toxic, belittled talked down to and the transcript will show just for exercising a protected statutory constitutional right.

128.     Judge George Sarduy the state chose means which unnecessarily burden and restricted constitutional protected activity. After Judge George Sarduy told plaintiff to bring my medical records, he then stated for me to have the doctor come in after I brought the medical records. He then stated I was not seeing my daughter due to behavior versus having diabetes and he didn't remember what happened that restricted me access from child.

129.     Judge George Sarduy made me feel as if it was 4 against one in the court room, he did not proceed in respect of the child as parents patriae he treated me as an adversary.

130.     For Judge George Sarduy to make the plaintiff bring in his medical records is discrimination against the disabled. Diabetes is a disability classified by the ADA. He stated nobody has shown me nothing he did this to discriminate against a black person, a man as well as a diabetic. If nobody has shown him anything it is not to be considered, it is not the plaintiff's job to prove or unproven what the petitioner is claiming. The plaintiff stating something in court for Rule 11 attorney and defendant is supposed to bring evidence in support of.

131.    From June 17, 2019 to July 7, 2020 the parties had two hearings and both hearings Judge George Sarduy violated due process he allowed Leslie Puzo to take over both hearings what was set before the court by the plaintiff was not heard instead. What the hearings were set for was not heard violating procedural due process of law.

132.    On November 12, 2019 the hearing was set for temporary time sharing instead 6 days before the only thing heard was psychological evaluation.

133.    On March 9, 2020 the hearing was set for GAL, set dates and times, and temporary spousal support. What was heard was the defendants hearing that was set 6 days before for parent coordinator violating my due process by Judge George Sarduy and Leslie Puzo.

134.    On March 9, 2020 the plaintiff attorney told the Judge he signed a falsified court order. The Judges ruling of the transcript was printed out during the hearing. The attorney stated that the JA would not give a court date for motion for reconsideration. Judge George Sarduy stating he did not know what happen during the hearing because the hearing was long, he stated something happened. Judge George Sarduy stating he was not setting a motion to reconsider unless the entire transcript was printed out.

135.    During the hearing Judge George Sarduy left during 30 minutes taking up time for the hearing to commence that was set 2 months prior to handle time sharing and the defendant violating the court order.

136.    On March 9, 2020 at the beginning of the hearing Diksha Sharma was having an ex parte conversation with the Judge George Sarduy while everyone was outside including her co counsel Leslie Puzo. To the Florida Bar this was not denied by Diksha Sharma. Ex parte communications are inherently unfair and violative of the due process. 5 U.S.C. §§ 554, 556, 557 (1976). The original

Administrative Procedure Act prohibited ex parte contacts during any adjudication proceeding. Ex parte communication violates the plaintiff 5th amendment rights.

137.     On March 9, 2020 Plaintiff attorney Jennifer Ford notified the Judge that the plaintiff did not know where the minor child was. Judge George Sarduy stated to get the address from a deposition insisting in the conspiracy to conceal the child.

138.     On March 10, 2020 when asked for the address the defendant Priscille Duvalsaint got up and walked out of the deposition at the direction of her attorney when asked for the address. This is against rules of the Florida Bar there was no protection for the defendant and the Judge has heard all allegations on November 12, 2019 with no evidence in support of.

139.     On or about April 6, 2020 the plaintiff filed an appeal, due to it not being a final judgement the appeal was denied.

140.     On or about July 5, 2020 the entire transcript was printed out. On July 7, 2020 Judge George Sarduy recused himself. The way that he did it was to purposely cost the plaintiff money. The plaintiff had Jennifer Ford as his attorney and she was withdrawing, Judge George Sarduy would not allow her to withdraw without a motion. The new attorney Jon May was present the hearing was set for case management conference. 5 minutes into the hearing with two attorneys present the George Sarduy started calling the plaintiff toxic for fighting for his constitutional rights to be a father The plaintiff believes this to be retaliation. Judge George Sarduy could have recused himself the same way the other 7 judges did without a hearing.

141.     Judge George Sarduy is a racist, the plaintiff believes so because he said, "I can look at you and tell your psychological evaluation." Judge George Sarduy made this comment in front of Leslie Puzo, his bailiff Cesar, Jennifer Ford, Priscille Duvalsaint, and Jon May. The transcript will show during the two hearings the plaintiff didn't say close to anything to the judge so for him to talk

to him like this there is a problem with him and black people or him and men fighting for their kids. The plaintiff finds the comment bias, discriminatory, and racist by a judge that is bonded to be fair and impartial.

142. Judge George Sarduy works in family court there are divorces all the time, in the plaintiffs case Judge George Sarduy decided to do things based of only what the mother stated. The transcript will show there was no evidence in support of and he stated it. The law states that I am not to be restricted from being a parent unless I am a detriment. Judge George Sarduy stated on the record they have not shown that I'm a danger to the minor child but he gave me supervised visits based off of what a bitter wife going through divorce stated because he is racist, I state so due to his actions and what he said to be prejudicially. His actions shows he is bias against fathers in court, I do not know him personally however he has been stalked and it has been in the newspapers due to his actions.

143. Judge George Sarduy violated Title 42 U.S. Code § 1983

144. Every person who, under color of any statute ordinance, regulation, custom, or by usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Every person shall be liable in an action at law suit in equity no exclusion for judges by any act of congress United States Code, Title 42, Section 1985 (3). If two or more per persons ... conspire for the purpose of depriving any person of equal protection of the laws the party so injured or deprived may have an action for the recovery of the damages against one or more conspirators no exclusion for Judges by any act of Congress United States Title 42, Section 1986. Every person who, having knowledge that any of the wrongs are about to be

committed and having knowledge that any wrong doings are about to be committed, and having power to prevent the aid. in preventing the commission of the same, neglects or refuses so to do . . . shall be liable.

145.    Judge George Sarduy kept a 20 month year old baby away from a loving father just based off what the bitter mother said with no evidence in support of and he stated it on the record.

146.    In direct the defendant while her lawyer questioned her stated that the father pinch her thighs, squeezed her fingers and during this line of questioning there was no dates or times everything that was testified to was vague but when the plaintiff was testifying dates had to be spot on.

147.    On direct examination plaintiff questioned her asking a line of questioning as to what is the definition of extremely violent because what the mother was stating seem to be emotional violence. The plaintiff was trying to get clarification of physical violence or emotional violence. During the line of questioning the transcript will show while questioning the witness the Judge disrupted the plaintiff for no reason stating how is that going to help you today. Not the attorney objecting but it shows the bias situation where it was a 2 lawyers and a Judge against the prose Plaintiff who was trying to get the truth out. Was a violation of the constitutional rights the right to question the accuser.

148.    The transcript will show that the George Sarduy told the plaintiff he is ruling but when it was the defendant they were allowed to keep speaking and they were heard. The plaintiff was not allowed to be heard against his constitutional rights.

149.    Judge George Sarduy violated the plaintiff's liberty to be a father, violated the plaintiffs right to question the witness, violated his rights regarding ex parte communication as well as signed

an ex-parte court order that restricted access to child by supervised visits even though he stated on the record they have not shown that he is a harm to the child.

150. Judge George Sarduy should be upset at the two attorneys who falsified his court order and gave partial documents not the person who brought fraud to his knowledge and is exercising his constitutional rights the transcript will show that Judge George Sarduy was retaliating.

151. During the court hearing the defendant and her attorney filed fraudulent tax returns and affidavit. Judge William Haury stated in a court order that he would address it in a final judgment, and he has not. During Child support hearing with general magistrate Carlos Fernandez was shown and judged off of false financial affidavit as well as fraudulent tax returns. The bank statements were shown that the tax returns were fraudulent. In his report General Magistrate Carlos Fernandez states that the bank account shows that she makes an undermining amount which was not true.

152. On May 16, 2022 Judge William Haury sent the parties to hearing officer to address child support. The fraudulent financial affidavit was used again by Leslie Puzo and Priscille Duvalsaint. The plaintiff showed bank records that she exaggerated her taxable income to lower child support making fraud on the court again. The defendant stated in 2018 she made 208k and net 64k. She stated she had no cost of goods sold and she showed no receipts in court for child support and case law was given by the plaintiff. The fraud cost the plaintiff attorney fees and $30k in arrears and $366 month child support.

153. In 2019 the defendant Priscille 1099s shown in court she made 158k the GM Carlos Fernandez stated that she makes $5,346.00 dollars per month due to her fraudulent tax returns and financial affidavit.

154. In 2020 the defendant Priscille Duvalsaint made 118,000 dollars 1099 will show. Her financial affidavit states 54k.

155.    In 2021 the defendant Priscille Duvalsaint made $99,000 dollars.

156.    During the child support hearing and the plaintiff showed the amount she wrote off on taxes and what was stated on the taxes did not incur and her tax returns were fraudulent. The general magistrate Carlos Fernandez stated on the record that she wrote off expenses on her business and then turned around and wrote those same expenses on her personal tax return. General Magistrate violated court the best interest of the statue which states what is allowed to be written off.

157.    The Defendant made 34k in 2018, 54k in 2019, 34k in 2020, and 15k in 2021 according to 1099s and tax returns.

158.    General Magistrate Carlos Fernandez refused to allow the plaintiff to question the plaintiff on her false domestic violence injunction which interfered with time sharing and concealment. Violating the plaintiff constitutional rights.

159.    The plaintiff stated that the general magistrate sustained his objection when he asked the defendant Priscille Duvalsaint why she did not bring her expenses with her like the case law states. General Magistrate Carlos Fernandez started asking the plaintiff if he is a lawyer. General Magistrate Carlos Fernandez the transcript will show was violating the plaintiff constitutional rights to represent himself. The plaintiff interpreted his comments that he is not allowed to state the law or case law if he is not a lawyer.

160.    The General Magistrate and Leslie Puzo were doing ex parte conversations, the court date was unilaterally set. When brought to the JA attention she stated that we usually go with the attorney's schedule due to their schedules and conflicts. The plaintiff reminded the JA that he is to be treated like a lawyer when pro se. The JA refused to cancel the court date and the plaintiff missed out on a job opportunity that he was awaiting 8 months for.

161.    The plaintiff told the general magistrate when he walks into a court room he is to be treated fair and impartial. The General magistrate read the plaintiff fraudulent domestic violence injunction and said you were stalking her before you went there but the domestic violence injunction did not say that. The plaintiff stated that the injunction was dismissed he stated that doesn't mean that you didn't stalk her. Malicious prosecution states all it has to be is the charges are dropped. I would like the court to take how bias this general magistrate is he read something and testified to something not in the document as well as how the fraudulent DV allegations has legally harmed the plaintiff.

162.    The plaintiff would not allow the plaintiff to question the defendant on the kidnapping which was important due to case law of concealment. The plaintiff was stating concealment on the basis of Hoffman vs Foley, the plaintiff is believed that General Magistrate Carlos Fernandez violated the plaintiff's rights.

163.    The plaintiff was retaliated against with his ruling, the plaintiff told the General magistrate due to him being discriminated against for being black and a man in Miami. The plaintiff contacted, the administrative Judge Scott Bernstein and he got involved and moved his case to Broward due to him not being given court dates and not being treated fairly. The plaintiff asked the general magistrate how the case was in Miami Dade for 1 year and 7 months and did not see the minor child. When the case was moved to Broward the plaintiff seen daughter with set dates and times in less then 4 months the plaintiff cited discrimination and racism. A father who is a basketball coach at Booker T. Washington, was in Big Brothers Big Sisters, works with autistic children but cannot see his child even though the Judge has stated on the record the father is not a threat to the child. The defendant Priscille Duvalsaint violated numerous court orders that was put in place for the best interest of the child.

164.    The general magistrate did not follow the case law by taking in affect the defendant's behavior during child support. General magistrate Carlos Fernandez administered with an evil eye and a heavy hand was discriminatory and violated the Equal protection has awarded the defendant with arrears in child support of 30k and after showing her fraudulent tax returns with no receipts or that expenses incurred 366 dollars a month. GM Carlos Fernandez also did not take into consideration the plaintiff legitimate business expenses.

165.    Leslie Puzo has had over 13 extensions through this litigation process delaying time with daughter. A Lawyer should not request rescheduling, cancellations, extensions, or postponements without reasonably legitimate reasons and never solely for the purpose of delay or obtaining unfair advantage.

166.    The final judgement was done March 16, 2022, Leslie Puzo filed an intent to appeal April 18, 2022. On September 12, 2022 Leslie Puzo filed for an extension to the appeal. The appeal is supposed to be turned in 70 days after the intent. On September 19, 2022 Leslie Puzo turned in the appeal. Leslie Puzo is doing nothing but delaying the case and billing her client making money off her ignorance. Leslie Puzo now at the moment is attempting to defraud the appeals court the Supreme Court. This has affected the plaintiff in Priscille Duvalsaint has messed up the clients credit and the plaintiff has not taken ownership of the house, and child support has not been finalized.

167.    General Magistrate Carlos Fernandez stated he needed to get advisement. With the proper discovery it is my belief Judge George Sarduy made this ruling or gave the advisement and whomever did make the ruling I should be allowed to depose.

168.    The plaintiff showed exactly where the defendant, Priscille Duvalsaint money went to and it wasn't to the things she wrote on her tax returns they were not business expenses. It was personal expenses that were to bring up her income about to her gross.

169.   Judge George Sarduy violated my constitutional and civil rights as a father.

170.   General Magistrate Carlos Fernandez violated my constitutional as well as civil rights with stating that I am not an attorney in which has the right to represent myself pro se even though it was not by choice.

171.   Marie Liautaud had knowledge that the plaintiff did not consent, abducts and did not give the minor child to the legally entitled to its custody and did not return to the parent after Priscille left the house is subject to liability to the parent.

### Wherefore plaintiff prays this Court issue equitable relief as follows:

172.   General Magistrate Carlos Fernandez held liable for declaratory and injunctive relief as well as attorney fees for attorney used before the General magistrate. Review of their cases and decisions based of discrimination, gender, and constitutional rights violated.

173.   Issue declaratory relief as this court deems appropriate just.

174.   Issue other relief as this court deems appropriate and just.

175.   Judge George Sarduy held liable for declaratory and injunctive relief as well as attorney fees used before the Judge to correct his actions.  Review of their cases and decisions based of discrimination, gender, and constitutional rights.

176.   Reverse money court recommended by GM Carlos Fernandez paid due to the use of fraudulent tax returns.

177.   .Money paid to the plaintiff for emotional pain, suffering, and companionship.

178.   Money paid to the plaintiff NCG minor child for emotional pain, suffering, and companionship.

179.     All attorney fees paid through civil court for house, domestic violence court, appeals court, transcripts, and divorce by way of vexatious litigation.

180.     I ask that the defendants be found jointly and severally liable to the compensatory damages. I request the judge assess exemplary damages against the mother, defendant's mother, court reporter, judge, general magistrate, and attorneys a specific amount.

181.     Money for ex parte court order unconstitutionally signed and what it has caused.

182.     $100,000 compensatory damages and individual punitive damage for intentional emotional distress. $300,000 for Malvin Garnett $100,000 compensatory damages and intentional emotional distress individual punitive damages for NCG minor child $100,000. $30,000 dollars in attorney fees. $6,000 dollars in therapist fees. $50,000 dollars for the time damage ex parte court order has caused. $75,000 dollars for the false domestic violence case has caused. $4,000 dollars on transcript that were paid to correct the defendants lies. $200,000 dollars for violating the plaintiffs civil and constitutional rights unlawfully.

183.     Recovered damages that naturally flow from a civil conspiracy.

184.     Injunction from daughter from Leslie Puzo the defendant has my daughter around this person

who has done the harm in this litigation.

185.     The wrongs committed in the instant case fall within the Florida rules damages are recoverable for mental suffering unaccompanied. By physical suffering when the wrong complained of is a willful one intended by the wrongdoer to produce mental anguish or from which such result could be reasonably anticipated as a natural consequence.

186.     The deprivation to the parent of the society of the child is itself an injury that the law redresses without showing loss of service.

187. The parent can recover for the loss of society of his child and for emotional distress resulting from its abduction or enticement.

188. Loss of service actually not performing service the parent is requesting loss of the service that he could have required of the child during the period of its absence.

189. Cost of litigation

190. Whatever the court has to do to remove the false DV injunction off of the plaintiffs name at the defendants cost.

`CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and corrected copy of this Motion was served on Defendant, Priscille Duvalsaint, Leslie Puzo, Diksha Sharma, Yasmin Morshedian, Judge George Sarduy, General Magistrate Carlos Fernandez at the following address.

Leslie Puzo1175 NE 125TH ST #618 North Miami, FL

Diksha Sharma 500 East Broward Blvd. Suite 1710 Fort Lauderdale, Florida 33394

Priscille Duvalsaint 2321 Laguna Circle #709 Miami, FL 33181

Marie Liautaud 2321 Laguna Circle #709 Miami, FL 33181

Yasmin Morshedian 1 E Broward Blvd SUITE 700, Fort Lauderdale, FL 33301

General Magistrate Carlos Fernandez 175 NW 1st Ave #1726, Miami, FL 33128

Judge George Sarduy 175 NW 1st Ave #1925, Miami, FL 33128

*Malvin Garnett*

*Malvin Garnett*
*E437 SW 3rd ST #4*
*Miami, FL 33130*
*BKBRIDGE718@AOL.COM*

Respectfully submitted,

Malvin Garnett

437 SW 3rd St #4
Miami, FL 33130
786-368-8079

Statement of Verification
I have read the above complain and it is correct to the best of my knowledge.