Case # 22-CV-23543-Altman

**SAMPLE FORM FOLLOWING RULE 7.1**

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*Malvin Garrett* 1-26-23
Attorney Name

**ALTERNATIVELY,**

**CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: Emailed requesting service by email. Emailed all parties involved, Certified Mail to waive service. Questioned if anyone objected. 2 out of 7 objected

*Mal Garrett* 1-26-23
Attorney Name

FILED BY_____D.C.
JAN 27 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAN 27 2023

MALVIN GARNETT, MINOR NCG     CASE NO.: *22-CV- 23543-ALTMAN*
    PLAINTIFF
  v.
Leslie Puzo, Diksha Mehan Sharma, Judge George Sarduy,
Priscille Duvalsaint, General Magistrate Carlos Fernandez, Priscille Duvalsaint,
Yasmin Morshedian,
    RESPONDENT.
_____  /

## ORDER EXTENDING TIME TO SERVE DEFENDANTS

This violation of civil rights action was initially filed by Plaintiff Malvin Garnett on October 31, 2022. Subsequent to the filing of this action, summons were issued but have not been served upon Defendants. The petitioner has until January 30, 2023. In his response to the Court's order to show cause, Plaintiff explains that waivers of citation were prepared in lieu of serving summons but inadvertently were not sent to Defendants via waive certified mail in accordance with the Federal Rules of Civil Procedure. Defendants thus have not been served and not yet appeared in this matter. Plaintiff now requests that the Court extend the time to serve Defendants.

The purpose of Rule 1.070(j) is to discourage individuals from filing lawsuits without actually prosecuting the claims. The Rule also promotes the rapid progression of civil claims. In this instance the petitioner has every intention and effort to prosecute the claim. The discretion afforded the trial court is limited to those cases in which reasonable cause for the failure to effect timely service is documented. Documentation has been provided for failed attempts as well as to show the proper information is present. Pursuant to Rule 1.070(j), a party has 90 days to serve process unless an extension is granted. The 90days expires January 30, 2022. Plaintiff requests an additional 30 days in which to effectuate service of process on the Defendants, Marie Liautaud and Priscille Duvalsaint.

Plaintiff's first Motion for an Extension of Time to Serve Defendant is GRANTED. Plaintiff's shall have until March 1, 2023 to serve Defendant Priscille Duvalsaint and Marie Liautaud.

IT IS SO ORDERED.

_____

Honorable Judge Roy K. Altman
Southern District of Florida Judge