UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23543-ALTMAN

**MALVIN GARNETT**,[1]

*Plaintiff*,

v.

**YASMIN MORSHEDIAN**, *et al.*,

*Defendants.*
_____/

## ORDER

Our Plaintiff, Malvin Garnett, sued his child's mother, a state-court judge, a state-court magistrate, two lawyers, and a court reporter,[2] alleging that they—individually and together—violated his constitutional rights and committed several torts against him. *See generally* Third Amended Complaint ("TAC") [ECF No. 50].[3] But just as we struck his Amended Complaint [ECF No. 12] and dismissed without prejudice his Second Amended Complaint [ECF No. 47] as shotgun pleadings, we now dismiss *without leave to amend* this TAC because it is still plainly a shotgun pleading. *See* Order Striking the Amended Complaint ("Order Striking") [ECF No. 46] at 4; *see also* Order Dismissing without Prejudice the Second Amended Complaint ("Order Dismissing") [ECF No. 48] at 4.

---

[1] This case was filed on the docket as *Garnet v. Morshedian, et al.*. *See generally* Docket. But the Plaintiff's name is actually "Garnett." *See generally* Plaintiff's filings.

[2] We have since terminated the state-court judge and the magistrate judge from this action. *See* Order Granting Judge George Sarduy and General Magistrate Carlos Fernandez's Motion to Dismiss [ECF No. 73]. The Plaintiff appealed our order to the Eleventh Circuit Court of Appeals. *See* Notice of Appeal [ECF No. 85]. But that court dismissed the appeal for "want of prosecution." *See* December 6, 2023, Eleventh Circuit Order [ECF No. 95].

[3] The Plaintiff incorrectly called this filing his "Second Amended Complaint" [ECF No. 50], but he had already filed a Second Amended Complaint [ECF No. 47].

In our Order Striking, we told the Plaintiff that we'd give him "one opportunity to amend his complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order." Order Striking at 4. And, in our Order Dismissing, we told the Plaintiff that he would have "*one final opportunity* to plead his case properly" and that, "if his Third Amended Complaint is still a shotgun pleading, we *will* dismiss it without leave to amend." Order Dismissing at 4. Unfortunately, the Plaintiff hasn't heeded these warnings. While we acknowledge that he's corrected some of his pleading deficiencies, too many remain for this action to proceed. Because the TAC is yet another shotgun pleading, we **DISMISS** it **without leave to amend**.

## THE LAW

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up). And "[a]lthough we liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015).

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal

Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," *Vibe Micro, Inc. v. Shabnets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018), which share the following two characteristics: *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro,* 878 F.3d at 1295 (cleaned up)).

## ANALYSIS

The TAC is a shotgun pleading in all four of the ways the Eleventh Circuit described in *Embree*.

*First*, the TAC still[4] "contains multiple counts where each count adopts the allegations of all preceding counts." *Embree*, 779 F. App'x at 662. Indeed, most of the Plaintiff's claims begin with this sentence: "Mr. Garnett realleges and incorporates each and every allegation contained in the preceding paragraphs." *See* TAC at 19 ¶ 73[5]; *id.* at 20 ¶ 80; *id.* at 23 ¶ 104; *id.* at 45 ¶ 23; *id.* at 46 ¶ 250; *id.* at 48 ¶¶ 261–62; *id.* at 49 ¶ 273; *id.* at 51 ¶ 286; *id.* at 55 ¶ 313. As a result, every preceding factual allegation

---

[4] *See* Order Dismissing at 2.
[5] Although the Plaintiff has numbered the TAC's paragraphs, his numbering contains several errors. We therefore provide *both* the page number *and* the paragraph number whenever we cite to the TAC.

is incorporated into almost every successive claim. As we've explained several times already, that's just not allowed. *See Embree*, 779 F. App'x at 662 ("condemn[ing]" this form of pleading because it "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts" (cleaned up)); *see also Phillips v. Cook Inc.*, 2021 WL 3209860, at *1 (M.D. Fla. July 29, 2021) (Covington, J.) (dismissing complaint because it "roll[ed] all preceding allegations into each count").

*Second*, the TAC remains[6] "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. For example, in Count II, the Plaintiff alleges that "I came to the courtroom flawless and what did all of the[m] conspired to do? Make Malvin Garnett a black man look like a criminal. If I am considered a rebel, the Constitution states I can raise my child how I feel to raise my child." TAC at 17 ¶¶ 56–57. In the first[7] Count III, he asserts that "[t]he conduct was outrageous, indecent, atrocious, odious, uncivilized, or intolerable. None of these defendants would hope to go through what they put Malvin Garnett through unlawfully." *Id.* at 18 ¶ 65. He also says that "[a]ll parties actions committing the action was done with a wicked purpose or with reckless disregard for the safety and rights of others." *Id.* at 18 ¶ 67. In Count VI, he claims that "[t]he foregoing acts of DEFENDANT"—we don't know which one, as five of the Defendants are mentioned in the preceding paragraph—"would not have occurred if Plaintiff was White European-American/Cuban." *Id.* at 45 ¶ 233. Even when we construe these portions of the TAC liberally, we're not sure how these allegations interact with the Plaintiff's claims.

---

[6] *See* Order Dismissing at 3; Order Striking at 3.
[7] There are two Count IIIs. *See* TAC at 17 and 19.

*Third*, the Plaintiff again[8] "fails to separate into a different count each cause of action," *Embree*, 779 F. App'x at 662, leaving the Defendants (and us) to guess at what claims he's actually alleging in nearly every count. The Plaintiff, for example, has titled Count II as "Fraud on the Court, Fraud Committed by an Adversary Party & Defamation, Abets." TAC at 11. That's *at least* two different claims that cannot be shoehorned into one count. We see this lumping together again in the first Count III ("Intentional Infliction of Emotional Distress/Negligence/Gross Negligence"), *id.* at 17, and in Count IX ("Violation of 2nd Amendment and Fourteenth Amendments: Deprivation of rights [ ] to bear arms and Malicious prosecution, defamation of character, abuse of the process Prosecution to 42 U.S.C. § 1983"), *id.* at 49. None of this will do.

*Fourth*, the Plaintiff has once more[9] improperly "assert[ed] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Again, we see this in nearly every count. Looking at the titles of the counts alone, we can tell that Count II has been lodged against Leslie Puzo *and* Judge Sarduy, *see* TAC at 11, the first Count III against Priscille Duvalsaint, Diksha Sharma, Puzo, Judge Sarduy, *and* General Magistrate Fernandez, *see id.* at 17, and the second Count III against "All Defendants," *id.* at 19. And he does all this *without* telling us which Defendants engaged in which acts or omissions.

For these reasons, the Plaintiff's TAC is a textbook shotgun pleading and must be dismissed. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("Shotgun pleadings are unacceptable for many reasons[.]"). And, because the Plaintiff has failed to comply with our prior guidance on *two occasions* and has *not* asked us for leave to amend,[10] we dismiss his TAC *with* prejudice.

---

[8] *See* Order Striking at 3.
[9] *See* Order Striking at 4.
[10] Even if the Plaintiff had requested leave to amend, we would not have granted it. *See Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317 (11th Cir. 2021) ("A plaintiff has the right to amend his complaint

5

*See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (noting, in the context of a *pro se* lawsuit, that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least *one chance* to amend the complaint before the district court dismisses the action with prejudice" (cleaned up)); *see also Gendron v. Connelly*, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023) (finding that a district court did not abuse its discretion in dismissing with prejudice a *pro se* plaintiff's complaint on shotgun pleading grounds after having given the plaintiff one prior "opportunity to amend her complaint according to the court's specific instructions and with a warning that a failure to do so could result in dismissal").

*  *  *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Third Amended Complaint [ECF No. 50] is **DISMISSED with prejudice**.
2. The case remains **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on December 13, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

within 21 days of serving it or 21 days after certain responsive pleadings and motions. FED. R. CIV. P. 15(a)(1). In all other cases, the plaintiff requires leave of court or consent of the opposing party. Ordinarily, a court should 'freely give' leave to amend a pleading 'when justice so requires.' FED R. CIV. P. 15(a)(2). Whether justice so requires is within the discretion of the district court to determine.").